UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN M. GRUVER, ET AL.** | **CIVIL ACTION NO. 3:18-CV-00772** |
| **VERSUS** | **JUDGE SHELLY D. DICK** |
| **STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, ET AL.** | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

**<u>MEMORANDUM OF OBJECTIONS TO PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AGAINST LOUISIANA BETA CHAPTER OF PHI DELTA</u>**

NOW INTO COURT, through undersigned counsel, comes Defendant Phi Delta Theta Fraternity ("the Fraternity") and respectfully objects to certain allegations relating to it contained in Plaintiffs' Request for Entry of Default Against Louisiana Beta Chapter of Phi Delta Theta Fraternity (Dkt. No. 74), namely Paragraphs 10, 11 and 13.

Paragraph 10 of Plaintiff's Request for Entry of Default states that Plaintiffs served a copy of the Complaint on Defendant Louisiana Beta Chapter of Phi Delta Theta Fraternity *through* Phi Delta Theta Fraternity based on the mere <u>allegation</u> that the Fraternity was "*a member of Louisiana Beta Chapter, because Phi Delta Theta Fraternity could, under the rules or practices of the Louisiana Beta Chapter, participate in the selection of persons authorized to manage the affairs of the Louisiana Beta Chapter and/or in the development of the policies of the Louisiana Beta Chapter.*" (*Italics* supplied.) There is, however, no evidentiary support for this allegation, and in fact it is vigorously contested. Moreover, as the Fraternity stated in its Answer (Dkt. No. 46), the Louisiana Beta Chapter was not at any time the agent of the Fraternity, and the Fraternity did not

1

at any time manage the affairs and activities of the Louisiana Beta Chapter.[1] Additionally, as stated in the Fourth Affirmative Defense set forth in its Answer, "the Fraternity does not exercise control, factually or legally, over the affairs or activities of its chapters, including Louisiana Beta, and that it did not do so in connection with any of the allegations in the Complaint, nor did it have a legal duty to do so."[2] Accordingly, Plaintiffs cannot properly establish that they have served the Louisiana Beta Chapter through the Fraternity as a "member of the Chapter" as grounds for entry of default. At this stage, there is simply no factual or evidentiary basis whatsoever for this allegation, and moreover, such allegations made in the Complaint have been specifically denied by the Fraternity in every instance.

Paragraph 11 of Plaintiffs' Request for Entry of Default cites to portions of Louisiana's Unincorporated Association Act (at Louisiana Revised Statutes section 12:501), particularly that portion that sets out the statutory definition of "member" of an unincorporated association. Although Plaintiffs do acknowledge in Paragraph 12 of the Request for Entry of Default that the Fraternity specifically denied that it was a "member" of the Louisiana Beta Chapter, Plaintiffs go on to allege in Paragraph 13 that the Fraternity's act of suspending the operations and removing the charter from Louisiana Beta Chapter "unequivocally shows that Phi Delta Theta exercised control and power over the management of affairs and development and policy of the Louisiana Beta Chapter." (Dkt. No. 74) However, again, this allegation is contested, as there are no factual, legal, or evidentiary grounds for this allegation that the Fraternity was at any point in time a "member" of the Louisiana Beta Chapter. The Fraternity's revocation of the Louisiana Beta Chapter's charter does not equate to being a "person" participating in the unincorporated association, and the Fraternity specifically denies that it was at any point in time a "member" of

---

[1] *See*, for example, Paragraphs 30, 148, 149, 150, 218, 219 and 242 set forth in Answer (Dkt. No.46).
[2] *See* Fourth Affirmative Defense in Answer (Dkt. No. 46).

the Louisiana Beta Chapter, within the definition of La. R.S. 12:501. More specifically, the Fraternity states that it was not, in fact, served summons and complaint in this suit as a member of the Louisiana Beta Chapter.

In conclusion, although Phi Delta Theta Fraternity does not oppose the Clerk's entry of default based on other means of service on the Chapter as alleged in the Request for Entry of Default, *e.g.*, Paragraph 9, the Fraternity objects to Plaintiffs' alleged basis for their Request for Entry of Default in Paragraphs 10, 11, and 13 as it relates to the Fraternity being served as "a member" of the Louisiana Beta Chapter. The Fraternity affirmatively denies that service on the Fraternity constitutes proper service on the Louisiana Beta Chapter and therefore entry of default is opposed on this basis alone.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    /s/ Patrick A. Talley, Jr.
       Patrick A. Talley, Jr. (Bar #1616)
       Canal Place | 365 Canal Street, Suite 2000
       New Orleans, Louisiana 70130-6534
       Telephone: 504-566-1311
       Facsimile: 504-568-9130
       Email: talleyp@phelps.com

       Taylor J. Boudreaux Bar Roll No. 37042
       II City Plaza | 400 Convention Street, Suite 1100
       Baton Rouge, Louisiana 70802-5618
       Telephone: 225-346-0285
       Facsimile: 225-381-9197
       Email: taylor.boudreaux@phelps.com


       ATTORNEYS FOR DEFENDANTS PHI DELTA THETA FRATERNITY AND LOUISIANA BETA HOUSE CORPORATION

3

PD.24829647.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November, 2018, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel or record by operation of the Court's electronic filing system.

                                       Patrick A. Talley, Jr.

PD.24829647.1