# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

STEPHEN M. GRUVER AND
RAE ANN GRUVER, individually and
on behalf of MAXWELL R. GRUVER,
deceased

CIVIL ACTION

18-772-SDD-EWD

VERSUS

STATE OF LOUISIANA THROUGH THE
BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL
COLLEGE, et al.

## **RULING**

This matter is before the Court on the *Motion for Certification of Ruling for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B)*[1] filed by Defendant, State of Louisiana through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU"). Plaintiffs, Stephen M. Gruver and Rae Ann Gruver ("Plaintiffs"), individually and on behalf of their deceased son Maxwell R. Gruver ("Gruver"), filed an *Opposition*[2] to this motion. Also before the Court is the *Motion to Certify LSU's Appeal as Frivolous and Dilatory*[3] filed by Plaintiffs, to which LSU filed an *Opposition*.[4] For the reasons which follow, both motions shall be denied.

---

[1] Rec. Doc. No. 125.
[2] Rec. Doc. No. 128.
[3] Rec. Doc. No. 126.
[4] Rec. Doc. No. 130.
58053

**I.     BACKGROUND**

This lawsuit arose out of the death of Maxwell R. Gruver, a student formerly enrolled at LSU, who died in September of 2017 following a fraternity-related hazing incident. Gruver's parents, Plaintiffs herein, filed suit against LSU and several other defendants. LSU filed a *Motion to Dismiss* on two grounds: (1) under Rule 12(b)(6) arguing Plaintiffs failed to state a viable claim for relief under Title IX, and (2) under Rule 12(b)(1) arguing that LSU is immune from suit in federal court pursuant to the Eleventh Amendment. The Court denied LSU's motion on both grounds for the reasons assigned in its July 19, 2019 *Ruling*.[5] LSU filed an appeal with the United States Court of Appeals for the Fifth Circuit, challenging the Court's *Ruling* as to sovereign immunity, which LSU is allowed to do immediately pursuant to the collateral order doctrine.[6] LSU now moves the Court to amend its *Ruling* to state that the Court finds the requirements of Section 1292(b) are satisfied as to the Court's *Ruling* on the Title IX claim and to certify this *Ruling* for immediate interlocutory appeal. Plaintiffs oppose this motion and have filed a motion to certify LSU's appeal of the sovereign immunity issue as frivolous and dilatory. The Court will address these motions in turn.

**II.     MOTION TO CERTIFY UNDER 28 U.S.C. § 1292(B)**

An interlocutory appeal from a non-final order in a civil case is permissible when (1) the order involves "a controlling question of law," (2) there is "substantial ground for

---

[5] Rec. Doc. No. 116.
[6] Under the collateral order doctrine, a court of appeal has jurisdiction over a district court's denial of a Rule 12(b)(6) motion to dismiss based upon a claim of Eleventh Amendment sovereign immunity. *Ysleta Del Sur Pueblo v. Laney*, 199 F.3d 281, 284–85 (5th Cir. 2000), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2007, 146 L.Ed.2d 957 (2000)(citing *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684, 689, 121 L.Ed.2d 605 (1993)).
58053

difference of opinion" on the question presented, and (3) an immediate appeal would "materially advance the ultimate termination of the litigation."[7] A district court cannot certify an order for interlocutory appeal unless all three criteria are present.[8] In determining whether certification is appropriate, the Court is mindful that interlocutory appeal is "exceptional" and "does not lie simply to determine the correctness of a judgment."[9]

Indeed, courts in this district have held that, "[a] substantial ground for difference of opinion 'usually only arises out of a genuine doubt as to the correct applicable legal standard relied on in the order.'"[10] Furthermore, "'[a]n interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment.'"[11] Finally, "[d]isagreement with the district court's ruling is insufficient to establish a substantial ground for a difference of opinion."[12]

LSU argues:

[A] substantial basis exists for a difference of opinion as to whether the correct standard was applied to determine whether Plaintiffs' allegations support a claim for LSU's institutional liability under Title IX. The Court's denial LSU's motion to dismiss pursuant to Rule 12(b)(6) authorizes private plaintiffs to proceed under a highly novel application of the private right of action afforded by Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, to injuries sustained by a student as a result of fraternity hazing, for which an adequate remedy exists under existing state tort law. Plaintiffs' theory of recovery under Title IX, adopted as cognizable by this Court's ruling, has never been endorsed by the Supreme Court or any

---

[7] 28 U.S.C. § 1292(b).
[8] *See Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n. 2 (5th Cir.1981) ("Section 1292(b) sets out three criteria all of which must be met before the district court may properly certify an interlocutory order for appeal.").
[9] *David v. Signal Intern, LLC*, 37 F.Supp.3d 836, 839 (E.D. La. 2014)(citing *Clark–Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68–69 (5th Cir.1983)).
[10] *United States v. Louisiana Generating, LLC*, No. 09-100-JJB, 2012 WL 4588437 (M.D. La. Oct. 2, 2012)(quoting *Property One, Inc. v. USAgencies, L.L.C.*, 830 F.Supp.2d 170, 182-83 (M.D. La. 2011).
[11] *Id.* at *2, quoting *Clark-Dietz*, 702 F.2d at 69).
[12] *Id.*, citing *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 724 (N.D. Tex. 2006).
58053

Circuit Court of Appeals. The U.S. Department of Education, which issues regulations and enforces Title IX for the United States government, has never promulgated anti-hazing regulations under its regulatory authority afforded by Congress.[13]

LSU also contends that this certification is likely to "materially advance this litigation by giving rise to a basis for dismissal, or else, clarifying the issues for trial," and argues that "[d]iscovery for all parties related and unique to claims of gender based discrimination is likely to be expansive and costly."[14]

Plaintiffs oppose LSU's motion, arguing that LSU does not challenge a controlling question of law but, rather, attempts to relitigate the motion is has already lost. Plaintiffs note for the Court that the same language used by LSU set forth above was rejected by this Court in *United States v. Louisiana*:[15]

> Defendant claims the issue raises a controlling question of law "because it would require reversal if decided incorrectly and it would materially affect the course of the litigation." (Doc. 457-1 at 4.) However, Defendant's assertion is misguided; under this logic, virtually every erroneous ruling by a district court would be rendered a "controlling question of law" subject to interlocutory appeal.[16]

Plaintiffs maintain that here, as was the case in *United States v. Louisiana*, even if the Fifth Circuit reversed the Court's *Ruling* as to the Title IX claim, it would not terminate the much broader litigation as to LSU (which would proceed to state court on Plaintiff's state law claims) or the other Defendants sued herein.

Further, Plaintiffs claim that the Fifth Circuit requires a section 1292(b) to involve a *pure* question of law, not just a controlling question of law that involves the application

---

[13] Rec. Doc. No. 125, pp. 1-2.
[14] *Id.*
[15] *United States v. Louisiana*, No. 11-470-JWD-RLB, 2016 WL 4522171 (M.D. La. Aug. 29, 2016)(deGravelles, J.).
[16] *Id.* at *3.
58053

of law to the facts presented.[17]  Plaintiff quotes LSU's assertion that "'[i]n this case, the controlling issue of law, in its most basi[c] form, is whether Plaintiffs could state a claim upon which relief may be granted under Title IX **under the factual scenario presented**."[18]

The Court agrees that LSU has not met the "controlling question of law" requirement for certification under Section 1292(b).  In *Williams v. Taylor*,[19] the court for the Eastern District of Louisiana noted that "[m]ultiple circuits have specified that a controlling question of law must refer to a 'pure question of law'—one that the 'court of appeals could decide quickly and cleanly without having to study the record.'"[20]  Indeed, it appears that LSU simply disagrees with the Court's analysis and application of the law to the facts pled by the Plaintiffs.  This alone renders Section 1292(b) certification inappropriate.

Further, "[t]he Fifth Circuit also notes that parties seeking interlocutory appeal must show substantially differing views regarding the issue before the court."[21]  Indeed, LSU refers to the Court's *Ruling* on Plaintiffs' Title IX claims as a "highly novel application"[22] of the law that has "never [been] endorsed by the Supreme Court or any Circuit Court of Appeals,"[23] although the Court notes the inverse is also true – the Court's application has

---

[17] Rec. Doc. No. 128, p. 4 (citing *Anderson v. Jackson*, No. 06-3298, 2007 U.S. Dist. LEXIS 91932, at *11 (E.D. La. Dec. 14, 2007) (citing *Louisiana Patients' Compensation fund Overnight Bd. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir. 2005)) (emphasis in original)).
[18] *Id.* (quoting Rec. Doc. No. 125, p. 8)(emphasis added).
[19] 2015 WL 4755162 (E.D. La. Aug. 11, 2015).
[20] *Id.* at *2 (quoting *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 677 (7th Cir.2000). *See also, Link v. Mercedes–Benz of North America, Inc.*, 550 F.2d 860, 863 (3d Cir.1977) ( "28 U.S.C. § 1292(b) is not designed for review of factual matters but addresses itself to a 'controlling question of law.'")).
[21] *Anderson v. Jackson*, 2007 WL 4414479 at *4 (citing *Clark–Dietz & Assocs.-Engrs v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir.1983)).
[22] Rec. Doc. No. 125, p. 1.
[23] *Id.* at p. 2.
58053

never been reversed or criticized, either. LSU's assertion that the Court's *Ruling* is "highly novel" undermines its ability to demonstrate that there are "substantially differing views regarding the issue before the Court." Rather, LSU has merely demonstrated that *LSU* has a substantially different view from this Court's.

Therefore, LSU's *Motion for Certification of Ruling for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B)*[24] is DENIED.

### III. MOTION TO CERTIFY LSU'S APPEAL AS FRIVOLOUS AND DILATORY

Plaintiffs have moved to certify LSU's sovereign immunity appeal as frivolous and dilatory. The Fifth Circuit has held that "a district court is permitted to maintain jurisdiction over an interlocutory appeal of an immunity denial after certifying that the appeal is frivolous or dilatory."[25] However, the Fifth Circuit also cautioned: "Importantly, this rule is a permissive one: the district court *may* keep jurisdiction, but is not required to do so. Further, we agree with the Seventh Circuit that '[s]uch a power must be used with restraint.'"[26]

The Court denied LSU's Rule 12(b)(1) motion asserting sovereign immunity "[b]ased on a wealth of binding jurisprudence,"[27] particularly since, in the Court's view, LSU made the same argument regarding sovereign immunity that had been rejected by the Fifth Circuit in *Pederson v. Louisiana State University*[28] and *Pace v. Bogalusa City Sch. Bd.*[29] LSU argued to this Court, and maintains on appeal, that the Supreme Court's

---

[24] Rec. Doc. No. 125.
[25] *BancPass, Incorporated v. Highway Toll Administration, L.L.C.*, 863 F.3d 391, 400 (5th Cir. 2017).
[26] *Id.* (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)(emphasis in original)).
[27] Rec. Doc. No. 166, p. 13.
[28] 213 F.3d 858 (5th Cir. 2000).
[29] 403 F.3d 272 (5th Cir. 2005).
58053

recent decision in *National Federation of Independent Business v. Sebelius*[30] effectively calls into question the Fifth Circuit's holding in *Pederson*. This Court disagreed, finding that "*Sebelius* did not announce a new rule on conditional spending programs but simply applied *Dole* and other established precedent."[31] LSU also avers that the Supreme Court has never ruled that Congress is entitled to abrogate or coercively influence a waiver of a state's Eleventh Amendment immunity under any Article I power and that "no appellate court, including the Fifth Circuit, has decided the issue of CREA's constitutionality pursuant to Congress' Article I Spending Power in light of the 2012 Supreme Court decision in *Sebelius*."[32]

Plaintiffs note that the *Pace* court referred to LSU's argument regarding sovereign immunity as "little more than frivolous,"[33] dispensed therewith in one short paragraph, and noted that the Fifth Circuit has "consistently interpreted Supreme Court guidance as permitting such conditional spending programs, as have every other circuit that has squarely addressed the issue."[34] Thus, Plaintiffs contend that "[w]hat was once judicially deemed 'little more than frivolous' is now completely and categorically frivolous, and the Court should certify LSU's appeal as such."[35]

Plaintiffs' argument on this issue is well-taken; however, the Court declines to certify LSU's appeal as frivolous or dilatory. While the Court agrees that LSU in unlikely to obtain the results sought in the Fifth Circuit in light of its jurisprudence on this issue,

---

[30] 567 U.S. 519 (2012).
[31] Rec. Doc. No. 116, p. 15.
[32] Rec. Doc. No. 130, p. 6.
[33] *Pace*, 403 F.3d at 281.
[34] *Id.* at 285.
[35] Rec. Doc. No. 126-1, p. 2.
58053

the Court finds that whether *Sebelius* affects the Fifth Circuit's reasoning and analysis in *Pace* is an appropriate question for the Fifth Circuit to decide.

Accordingly, Plaintiffs' *Motion to Certify LSU's Appeal as Frivolous and Dilatory*[36] is DENIED.

## IV. CONCLUSION

For the foregoing reasons, LSU's *Motion for Certification of Ruling for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B)*[37] is DENIED, and Plaintiffs' *Motion to Certify LSU's Appeal as Frivolous and Dilatory*[38] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on November 21, 2019.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[36] Rec. Doc. No. 126.
[37] Rec. Doc. No. 125.
[38] Rec. Doc. No. 126.
58053