UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEPHEN M. GRUVER, ET. AL.** | * | **NO. 3:18-CV-00772** |
| | * | |
| **VERSUS** | * | **JUDGE: SHELLY D. DICK** |
| | | |
| **STATE OF LOUISIANA THROUGH** | * | **MAGISTRATE JUDGE: ERIN** |
| **THE BOARD OF SUPERVISORS OF** | * | **WILDER-DOOMES** |
| **LOUISIANA STATE UNIVERSITY** | * | |
| **AND AGRICULTURAL AND** | * | |
| **MECHANICAL COLLEGE, ET AL.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Haider Laghari, and respectfully answers the First Amended Complaint and Jury Demand of the plaintiffs as follows:

**FIRST DEFENSE**

The plaintiffs' Complaint fails to state a cause of action upon which relief can be granted as explained in the accompanying 12(b)(6) Motion to Dismiss filed concurrently herewith.

**SECOND DEFENSE**

And now for answer to the Complaint, the defendant, Haider Laghari, avers as follows:

I.

The first unnumbered Paragraph of the First Amended Complaint does not require an answer on behalf of this defendant. To the extent that an answer is required, the allegations are denied.

II.

The allegations of Paragraphs 1, 2 and 3 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

III.

The allegations of Paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 of the First Amended Complaint are denied.

IV.

The allegations of Paragraphs 23, 24, and 25 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

V.

The allegations of Paragraphs 26 and 27 of the First Amended Complaint are denied.

VI.

The allegations of Paragraphs 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, and 40 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

VII.

The allegations of Paragraph 41 of the First Amended Complaint are admitted only to the extent that Haider Laghari is a major resident of the State of Louisiana and was a member of the fraternity, but all other allegations, including any all allegations which imply or impute culpability, liability and/or responsibility on the part of Laghari for the events and/or damages made the basis of this litigation are denied.

VIII.

The allegations of Paragraph 42 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

IX.

The allegations of Paragraphs 43 and 44 of the First Amended Complaint do not require an Answer on behalf of this defendant, but to the extent that an answer is required, the allegations are denied.

X.

The allegations of Paragraphs 45, 46, and 47 do not require an answer on behalf of this defendant, but to the extent that an answer is required, the allegations are admitted to the extent that the Court has subject matter jurisdiction and venue is proper.

XI.

The allegations of Paragraphs 48, 49, 50, 51, 52, and 53 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XII.

The allegations of Paragraph 54 of the First Amended Complaint are denied as written.

XIII.

The allegations of Paragraphs 55 and 56 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XIV.

The allegations of Paragraphs 57, 58, 59, and 60 of the First Amended Complaint are denied.

XV.

The allegations of Paragraphs 61, 62, and 63 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XVI.

The allegations of Paragraph 64 of the First Amended Complaint are denied.

XVII.

The allegations of Paragraphs 65, 66, and 67 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XVIII.

The allegations of Paragraph 68 of the First Amended Complaint are denied.

XIX.

The allegations of Paragraphs 69, 70, and 71 of the First Amended Complaint are denied as written.

XX.

The allegations of Paragraphs 72 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXI.

The allegations of Paragraphs 73, 74, 75, 76, and 77 of the First Amended Complaint are denied.

XXII.

The allegations of Paragraphs 78 and 79 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXIII.

The allegations of Paragraphs 80, 81, 82, and 83 of the First Amended Complaint are denied.

XXIV.

The allegations of Paragraph 84 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXV.

The allegations of Paragraph 85 of the First Amended Complaint are denied.

XXVI.

The allegations of Paragraphs 86, 87, and 88 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXVII.

The allegations of Paragraph 89 of the First Amended Complaint are denied.

XXVIII.

The allegations of Paragraphs 90, 91, and 92 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXIX.

The allegations of Paragraphs 93, 94, 95, 96, and 97 of the First Amended Complaint are denied.

XXX.

The allegations of Paragraphs 98, 99, and 100 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXXI.

The allegations of Paragraphs 101-200 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXXII.

The allegations of Paragraph 201 of the First Amended Complaint do not require an answer on behalf of this defendant.

XXXIII.

The allegations of Paragraphs 202-220 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXXIV.

The allegations of Paragraph 221 of the First Amended Complaint do not require an answer on behalf of this defendant.

XXXV.

The allegations of Paragraphs 222, 223, and 224 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXXVI.

The allegations of Paragraphs 225, 226, 227 and 228 of the First Amended Complaint are denied as written.

XXXVII.

The allegations of Paragraph 229 of the First Amended Complaint are denied.

XXXVIII.

The allegations of Paragraphs 230, 231, 232 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXXIX.

The allegations of Paragraphs 233 and 234 of the First Amended Complaint are denied.

XL.

The allegations of Paragraph 235 of the First Amended Complaint do not require an answer on behalf of this defendant.

XLI.

The allegations of Paragraphs 236, 237, 238, and 239 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XLII.

The allegations of Paragraph 240 of the First Amended Complaint do not require an answer on behalf of this defendant.

XLIII.

The allegations of Paragraphs 241, 242, 243, 244, 245, 246, 247, 248 and 249 of the First Amended Complaint are all denied.

XLIV.

The allegations of Paragraph 250 of the First Amended Complaint do not require an answer on behalf of this defendant.  To the extent that an answer is required, the allegations are denied.

XLV.

The allegations of Paragraph 251 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XLVI.

The allegations of Paragraph 252 and 253 of the First Amended Complaint are denied as written.

XLVII.

The allegations of Paragraphs 254, 255, 256 and 257 of the First Amended Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XLVIII.

The allegations of the Jury Demand of the First Amended Complaint do not require an answer on behalf of this defendant, but defendant also desires a jury.

XLIX.

The allegations of the Prayer for Relief of the First Amended Complaint are denied.

L.

Any and all unnumbered, misnumbered, or otherwise unanswered paragraphs of the First Amended Complaint, including any and all paragraphs which imply or impute liability, culpability and/or responsibility on the part of this defendant for the events and/or damages made the basis of this litigation, are hereby denied.

**AND NOW FURTHER ANSWERING:**

**THIRD DEFENSE**

Haider Laghari owed no duty to Max Gruver or to the plaintiffs with regard to the events and/or damages made the basis of this litigation, but to the extent that any duties were owed, all such duties were fulfilled by Laghari in good faith and according to the applicable standard of care.

**FOURTH DEFENSE**

Laghari avers that he has no responsibility or liability for the damages complained of and that the alleged incident occurred under circumstances for which he was not required to exercise any control or supervision, and Laghari had no actual or constructive knowledge that any of the events complained of which directly led to any injuries and/or the death of Max Gruver, and

Laghari did not participate in the activities which are alleged to have resulted in the death of Max Gruver.

**FIFTH DEFENSE**

Laghari avers that the sole cause of the accident resulting injuries and/or death is the fault of Max Gruver himself, thereby barring recovering for any damages.

**SIXTH DEFENSE**

Answering in the alternative, and only in the event that the plaintiff establishes liability on the part of Laghari, which is denied, then Laghari alternatively avers that Max Gruver was contributorily and/or comparatively negligent and that such contributory and/or comparative negligence on the part of Gruver approximately contributed to the occurrence of the incident and his resulting death, such that recovery of damages by the plaintiffs are barred and/or mitigated by Gruver's comparative negligence.

**SEVENTH DEFENSE**

Alternatively, if there was negligence and/or fault on the part of anyone other than Max Gruver and in any way constitute an approximate cause of the alleged injuries and/or death made the subject of this lawsuit such negligence was that of persons or parties other than Laghari, or such negligence was that of persons for whom Laghari is or was not responsible in either an individual capacity or in any capacity as a member of the fraternity.

**EIGHTH DEFENSE**

Laghari avers that the plaintiffs have failed to mitigate their damages.

**NINTH DEFENSE**

Laghari avers that the alleged incident and/or injuries and/or death were the result of superseding and/or intervening causes for which Laghari is not responsible.

**TENTH DEFENSE**

Laghari specifically pleads all affirmative defenses enumerated in Federal Rules of Civil Procedure, reserves the right to amend this answer as more information is learned with regard to the allegations against him.

**WHEREFORE**, Haider Laghari prays that this Answer to the First Amended Complaint and Jury Demand of the plaintiffs be deemed good and sufficient, and that after due proceedings are had, including a trial by jury, there be judgment rendered in favor of this defendant and against the plaintiffs, dismissing the First Amended Complaint, with prejudice, at plaintiffs' costs, and for all other general and equitable relief to which this defendant may be deemed entitled by this Court.

Respectfully submitted,

**LAW OFFICES OF JASON P. FOOTE, LLC**

By: */s/ Jason P. Foote*
**JASON P. FOOTE (#25050)**
**DEVIN CABONI-QUINN (#35447)**
2821 Richland Ave., Suite 202
Metairie, Louisiana 70002
Telephone: 504-324-8585
Facsimile: 504-324-8496

**And**

        */s/ Keith P. Richards*
        **Keith P. Richards (La. #22564)**
        6513 Perkins Road
        Baton Rouge, LA 70808
        Telephone: 225-767-3755
        Fax: 225-767-4486
        Email: keith@kprlawfirm.com
        *Attorneys for Haider Laghari*

### CERTIFICATE OF SERVICE

I hereby certify that the **24th day of February, 2020**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

        */s/ Jason P. Foote*

        **JASON P. FOOTE**