**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**STEPHEN M. GRUVER, ET AL.**   　　　　　　**CIVIL ACTION NO.**

**VERSUS**   　　　　　　　　　　　　　　　**18-772-SDD-EWD**

**STATE OF LOUISIANA THROUGH
THE BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL
COLLEGE, ET AL.**

**TELEPHONE CONFERENCE REPORT AND ORDER**

On June 19, 2020, a telephone conference was conducted before Magistrate Judge Erin Wilder-Doomes to discuss the Unopposed Motion for Leave to File Second Amended Complaint and to Apply Pending Motions to Dismiss to the Second Amended Complaint ("Motion"), filed by Plaintiffs Stephen and Rae Ann Gruver ("Plaintiffs"), with the following participants:

**Participants:**  
| | |
|---|---|
| **Donald J. Cazayoux, Jr.**<br>**Jonathon Fazzola**<br>**John Lane Ewing, Jr.**<br>Counsel for Plaintiffs,<br>Stephen and Rae Ann Gruver | **Patrick Hunt**<br>Counsel for Defendant,<br>Board of Supervisors of LSU |
| **Thomas R. Temple, Jr.**<br>Counsel for Defendant,<br>Luke St. Germain | **Christopher P. Ieyoub**<br>Counsel for Defendant,<br>Daltin Babineaux |
| **Lauren C. Begneaud**<br>Counsel for Defendant,<br>Sean Paul Gott | **Blaine T. Aydell**<br>Counsel for Defendant,<br>Philip Clark |
| **Thomas G. Buck**<br>Counsel for Defendant,<br>Zachary T. Hall | **Ashley Delaune**<br>**Timothy E. Pujol**<br>Counsel for Defendant,<br>Michael C. Comeaux, Jr. |

CV38aT0:15

In the Motion, Plaintiffs seek leave to file their Second Amended Complaint, which dismisses several defendants with whom Plaintiffs have settled, and adds Allstate Insurance Company of Canada, Inc., the insurer of Defendant Ryan M. Isto.[1] The Motion also requests that the Court apply the currently pending Motions to Dismiss, filed by Defendants Philip Clark,[2] Michael Comeaux, Jr.,[3] Luke St. Germain,[4] and Haider Laghari,[5] which seek dismissal of the claims in the First Amended Complaint, to the Second Amended Complaint.[6]

The undersigned advised the parties that the Motion would normally be granted as unopposed to the extent it seeks leave to amend; however, in cases such as this, where a motion for leave to amend the complaint is granted and there are pending motions to dismiss, it is generally the practice of the district judge to deny the pending motions to dismiss without prejudice to their re-filing as applied to the operative complaint. This is to ensure that the motions to dismiss correspond to the applicable complaint and to prevent confusion as to the issues to be resolved. Counsel for Clark, Comeaux, and St. Germain[7] indicated that they did not object to re-filing their respective Motions to Dismiss to apply to the Second Amended Complaint. The undersigned advised these Defendants to re-file their Motions to Dismiss in a reasonable amount of time after the Second Amended Complaint is docketed.

In light of the foregoing, the Motion shall be granted in part as it relates to Plaintiffs' request for leave to file their Second Amended Complaint. The remaining relief sought in the Motion shall be denied for the reasons discussed during the conference.

---

[1] R. Doc. 207, ¶¶ 5, 7-8.
[2] R. Doc. 166.
[3] R. Doc. 161.
[4] R. Doc. 197.
[5] R. Doc. 189.
[6] R. Doc. 207, ¶¶ 15-17. Defendant Daltin Babineaux also filed a Motion to Dismiss (R. Doc. 186), but subsequently filed a Motion to Withdraw his Motion to Dismiss (R. Doc. 195). The Motion to Withdraw is currently pending.
[7] Counsel for Defendant Laghari did not participate in the telephone conference. However, Plaintiffs represented that all Defendants consented to the relief sought in Plaintiff's Motion. R. Doc. 201, pp. 4-5.

Accordingly,

**IT IS ORDERED** that the Unopposed Motion for Leave to File a Second Amended Complaint and to Apply Pending Motions to Dismiss to the Second Amended Complaint ("Motion"),[8] filed by Plaintiffs Stephen and Rae Ann Gruver, is **GRANTED IN PART.** Plaintiffs are granted leave to file their Second Amended Complaint. Defendants do not oppose granting the motion and good cause exists, as Second Amended Complaint dismisses Defendants with whom Plaintiffs have settled and adds Allstate Insurance Company of Canada, Inc. as a party who potentially bears liability in this matter. The Clerk of Court is directed to docket the Second Amended Complaint[9] into the record of this matter, which shall become the operative Complaint of Plaintiffs. The remaining relief sought in the Motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 23, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 207.
[9] R. Doc. 207-1.