UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN M. GRUVER, ET AL | : | NO. 18-CV-772-SDD-EWD |
| | : | |
| VS. | : | |
| | : | |
| STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, ET AL | : : : : : | |

## ANSWER TO THE ORIGINAL COMPLAINT AS AMENDED BY THE FIRST AND SECOND AMENDED COMPLAINT

Now into Court, through undersigned counsel, comes The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU"), which in answer to the Original Complaint, as amended by the First and Second Amended Complaint, pleads the following:

### FIRST DEFENSE

Any state law claims asserted against LSU herein have been dismissed and require no answer.

### SECOND DEFENSE

The facts pleaded against LSU fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

Any liability for the damages, if any, asserted herein is the sole legal responsibility of third parties for whom LSU bears no legal responsibility, including but not limited to all defendants, other than LSU, named in this action, and unnamed or settled parties.

1

90251

**FOURTH DEFENSE**

The damages recoverable from LSU are limited by the statutory limitation and/or legislated in La. R.S. 13:5106(B).

**FIFTH DEFENSE**

LSU is entitled to a credit and/or offset for the fault allocated to any settled party or other party legally responsible for Plaintiffs' injuries or damages or any amount paid in settlement. Any double recovery that creates a financial taking from LSU constitutes an unconstitutional deprivation of property from LSU that violates the Fifth Amendment and the Eleventh Amendment.

**SIXTH DEFENSE**

The circumstances leading to the death of Maxwell Gruver were not reasonably foreseeable to LSU.

**SEVENTH DEFENSE**

Plaintiffs assert an implied private right of action for damages against LSU pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("**Title IX**"). Article I Spending Power was is the operative constitutional power authorizing Congress to enact Title IX in 1972. *Rosa H. v. San Elizario Independent School Dist.*, 106 F.3d 648,654 (5th Cir. 1997); *Canutillo Indep. School Dist. v. Leija*, 101 F.3d 393,398 (5th Cir. 1996); *Rowinsky v. Bryan Independent School District*, 80 F.3d 1006, 1013 n. 14 (5th Cir. 1996). Damages recoverable under Spending Power legislation only if "the funding recipient is on notice that, by accepting federal funds, it exposes itself to liability of that nature." *Barnes v. Gorman*, 536 US 181, 187, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002). LSU did not receive clear notice that, by accepting

2

federal funds, it exposed itself to the following types of liabilities and/or damages, which bar recovery for these alleged liabilities or damages:

    a.   Emotional distress damages;

    b.   Physical pain and suffering damages associated with fraternity hazing;

    c.   Negligent homicide committed by students;

    d.   Student on student violence of a non-sexual nature;

    e.   Wrongful death damages;

    f.   Student conduct not expressly regulated or even addressed by Title IX regulations issued by the U.S. Department of Education;

    g.   Punitive or exemplary damages.

    h.   Damages that exceed the statutory cap contained in La. R.S. 13:5106(b).

Any imposition of liability without "clear notice" to LSU violates the Due Process Clause of the United States Constitution and exceeds Congress' Article I Spending Power.

## EIGHTH DEFENSE

Title IX does not govern, regulate or create private action liability for alleged discrimination based on disparate impact or a heightened risk of harm.

## NINETH DEFENSE

Without waiving any defense, LSU cannot be found to have violated Title IX because LSU had gender neutral policies that prohibited and were designed to prevent hazing in both fraternities and sororities.

## TENTH DEFENSE

LSU had no actual knowledge that Maxwell Gruver was being subjected to the conduct described in Counts IV, V and VI of the Complaint.

3

90251

**ELEVENTH DEFENSE**

LSU was never advised by the United States Department of Education or any other federal agency that disburses funds under Title IX that fraternity hazing constitutes or could constitute prohibited gender discrimination in the application and/or enforcement of Title IX establishing notice to LSU and an opportunity for LSU to come into voluntary compliance, if non-complaint, which is denied.   Absent such an opportunity, Plaintiffs' claims for damages under Title IX are barred.

**TWELFTH DEFENSE**

LSU was never notified by Plaintiffs of any Title IX violation or potential violation or potential injury prior to suit and pleads the defense of waiver and/or estoppel.

**THIRTEENTH DEFENSE**

LSU did not have or exercise substantial control over the conduct of the Phil Delt individual defendants or the context in which the conduct of the Phi Delt individual defendants occurred as described in the Complaint.   Any vicarious or other liability imposed on LSU for the intentional acts or criminal acts of third parties under the authority of Title IX violates the Due Process Clause of the United States Constitution.

**FOURTEENTH DEFENSE**

The alleged intentional criminal acts of one or more of the Phil Delta individual defendants and/or third parties are an intervening and/or superseding cause that breaks any causal chain between LSU's alleged actions/inactions and Plaintiffs' alleged injuries.  Such causes bar or, in the alternative, reduce any recovery to which plaintiff might otherwise be entitled to against LSU.

90251

**FIFTEENTH DEFENSE**

In the event of a change in applicable law or interpretive jurisprudence, LSU asserts its immunity to suit herein under U.S. Const., Art. XI, and further pleads that LSU is immune to any burdens of discovery directed to alleged negligence of LSU and not reasonably calculated to lead to the discovery of admissible evidence specific to Plaintiff's Title IX claim for intentional gender-based discrimination.

**SIXTEENTH DEFENSE**

Plaintiffs have an available forum in state court to assert all causes of action against LSU. Plaintiffs have split their cause of action against LSU as prohibited by La. Code Civ. Proc. art. 425.

**SEVENTEENTH DEFENSE**

Plaintiffs, individually, were never students at LSU and have no right to assert or standing to assert individual claims of gender based discrimination to the extent asserted.

**EIGHTEENTH DEFENSE**

The damages asserted in this matter are speculative as a matter of law.

**NINETEENTH DEFENSE**

LSU reserves the right to assert additional affirmative defenses and file additional answers, third-party petitions, counter-claims or cross-claims as they become evident during the course of this litigation.

90251

## ANSWER TO SECOND AMENDED COMPLAINT

LSU answers the Complaint, as amended by the first and Second Amending Complaint, as follows:[1]

1.  LSU denies the allegation contained in paragraph 1 of the Complaint, as written, for lack of sufficient information to justify a belief therein.

2.  LSU denies the allegation contained in paragraph 2 of the Complaint, as written.

3.  LSU admits the allegation contained in paragraph 3 of the Complaint, as written.

4.  LSU does not have personal knowledge of the facts set forth in the allegations contained in paragraph 4-6 of the Complaint, as written, and therefore denies the allegations contained for lack of sufficient information to justify a belief therein as a basis to impose Title IX liability on LSU.

5.  LSU denies the allegation contained in paragraph 7 of the Complaint, as written.

6.  LSU denies the allegation contained in paragraph 8 of the Complaint, as written.

7.  LSU denies the allegation contained in paragraph 9 of the Complaint, as written.

8.  LSU denies the allegation contained in paragraph 10 of the Complaint, as written.

9.  LSU denies the allegation contained in paragraph 11 of the Complaint, as written.

10. LSU denies the allegation contained in paragraph 12 of the Complaint, as written.

11. LSU denies the allegation contained in paragraph 13 of the Complaint, as written.

12. LSU denies the allegation contained in paragraph 14 of the Complaint, as written.

13. LSU denies the allegation contained in paragraph 15 of the Complaint, as written.

---

[1] The paragraph numbers listed in this answer correspond with the paragraphs in the Second Amended Complaint.

90251

14. The allegations contained in Paragraph 16 are not directed at LSU and require no response. LSU has no personal knowledge of the allegations contained in paragraph 16 of the Complaint, as written, and therefore denies the allegations contained for lack of sufficient information to justify a belief therein as a basis to impose Title IX liability on LSU.

15. LSU denies the allegation contained in paragraph 17 of the Complaint, as written.

16. The allegations contained in Paragraph 18 are not directed at LSU and require no response. LSU has no personal knowledge of the allegations contained in paragraph 18 of the Complaint, as written, and therefore denies the allegations contained for lack of sufficient information to justify a belief therein as a basis to impose Title IX liability on LSU.

17. LSU denies the allegation contained in paragraph 18 of the Complaint, as written.

18. LSU denies the allegation contained in paragraph 19 of the Complaint, as written.

19. LSU denies the allegation contained in paragraph 20 of the Complaint, as written.

20. LSU denies the allegation contained in paragraph 21 of the Complaint, as written, for lack of sufficient information to justify a belief therein.

21. Paragraph 22 is not an allegation of fact and requires no response from LSU.

22. The allegations of paragraph 23 are admitted.

23. The allegations of paragraph 24 are admitted.

24. The allegations of paragraph 25 are admitted.

25. LSU denies the allegation contained in paragraph 26 of the Complaint, as written.

26. LSU admits that Plaintiffs are the surviving parents of Max Gruver as set forth in Paragraph 27 of the Complaint. The remaining allegations state legal conclusions, not factual allegations that require no response by LSU.

27. The allegations of paragraph 28 are admitted.

90251

28. The allegations contained in paragraphs 29-40 of the Complaint are not directed at LSU and require no response.

29. While LSU denies that the complaint and/or factual allegations give rise to a Title IX violation, Title IX liability, a Title IX private right of action or Title IX regulation, LSU does not dispute the allegation of subject matter jurisdiction under 28 U.S.C. § 1331, but incorporates its Fifteenth Defense in response to the allegation in paragraph 41 of the Complaint.

30. In response to paragraph 42 of the Complaint, all state law claims against LSU have been dismissed and the remaining allegations of supplemental jurisdiction are not directed at LSU and require no response.

31. The allegations of paragraph 43 are admitted.

32. The allegations of paragraph 44 are admitted.

33. The allegations of paragraph 46 containing references to a document are admitted with respect to the accuracy of the references.  However, LSU invokes the rule of completeness under Fed. R. Evid. 106 as the best evidence of its content and denies the edited reference in the document is evidence of gender-based discrimination.

34. LSU denies the allegation contained in paragraph 47 of the Complaint, as written.

35. LSU denies the allegation contained in paragraph 48 of the Complaint.

36. LSU has no personal knowledge of the allegations contained in paragraph 49 of the Complaint, as written, and therefore denies the allegations contained for lack of sufficient information to justify a belief therein.

37. LSU denies the allegation contained in paragraph 50 of the Complaint, as written, for lack of sufficient information to justify a belief therein.

90251

38.  LSU denies the allegations contained in paragraph 51 of the Complaint.

39.  LSU has no personal knowledge of the allegations contained in paragraphs 52-93 of the Complaint, as written, and therefore denies the allegations contained for lack of sufficient information to justify a belief therein.  Moreover, those allegations are not directed at LSU and require no response.

40.  LSU admits the allegations contained in paragraphs 94-96 of the Complaint.

41.  LSU denies the allegation contained in paragraph 97 of the Complaint.  This allegation does not pertain to any claim of gender-based discrimination.

42.  The allegations of paragraph 98 containing references to a document are admitted with respect to the accuracy of the references.  However, LSU invokes the rule of completeness under Fed. R. Evid. 106 as the best evidence of its content and denies the edited reference in the document is evidence of gender-based discrimination.

43.  LSU denies the allegation contained in paragraph 99 of the Complaint.

44.  LSU denies the allegation contained in paragraph 100 of the Complaint as an allegation of gender-based discrimination.

45.  LSU denies the allegation contained in paragraph 101 of the Complaint as an allegation of gender-based discrimination.

46.  LSU denies the allegation contained in paragraph 102 of the Complaint as an allegation of gender-based discrimination.

47.  LSU denies the allegation contained in paragraph 103 of the Complaint as an allegation of gender-based discrimination.

48.  LSU denies the allegation contained in paragraph 104 of the Complaint.

49.  LSU denies the allegation contained in paragraph 105 of the Complaint.

90251

50. LSU denies the allegations contained in paragraphs 106-108 of the Complaint.

51. LSU denies the allegations contained in paragraphs 109-118 as allegations of gender discrimination because the policies referenced applied to both fraternities and sororities. To the extent the allegations are directed at claims of negligence, those claims have been dismissed and require no response by LSU in this action.

52. LSU denies the allegation contained in paragraph 119 of the Complaint.

53. LSU denies the allegation contained in paragraph 120 of the Complaint.

54. LSU denies the allegation contained in paragraph 121 of the Complaint as an allegation of gender-based discrimination.

55. LSU denies the allegations contained in paragraphs 122-123 as allegations of gender discrimination because the policies referenced applied to both fraternities and sororities. To the extent the allegations are directed at claims of negligence, those claims have been dismissed and require no response by LSU in this action.

56. LSU denies the allegations contained in paragraphs 124-129 as allegations of gender discrimination for lack of sufficient information to justify a belief therein.  To the extent the allegations are directed at claims of negligence, those claims have been dismissed and require no response by LSU in this action.

57. LSU denies the allegations contained in paragraph 130 of the Complaint for lack of sufficient information to justify a belief therein without factual reference to the specific "violations".

58. LSU denies the allegations of paragraph 131 of the Complaint, as written.

59. LSU denies the allegations of paragraph 132 of the Complaint, as written.

90251

60. In response to paragraph 133, LSU admits that the incidents set forth in the sub-portions of Paragraph 133 were investigated by LSU for the conduct or similar conduct described in the allegation. LSU is unable to distill a simple admission or denial based on the allegations as written. LSU denies that the incidents described therein resulted in no disciplinary action being taken by LSU.

61. LSU denies the allegations of paragraph 134 of the Complaint, as written.

62. The factual allegations contained in paragraph 135 are admitted by LSU, but denies that these allegations state allegations of gender discrimination.

63. LSU denies the allegation contained in paragraph 136 of the Complaint.

64. LSU cannot admit or deny the allegations contained in paragraph 137 without reference to or identification of the specific sorority being described as was done for the organizations referenced in paragraph 133 of the Complaint. LSU denies that the punishment described did not seek to regulate dangerous behavior and therefore denies the allegation as written.

65. LSU denies the allegations contained in paragraph 138 of the Complaint.

66. LSU denies the allegations contained in paragraph 139 as a "specific" validation or reference to the denied allegations contained in paragraph 139 of the Complaint.

67. LSU denies the allegations contained in paragraph 140 of the Complaint as written.

68. LSU denies the allegations contained in paragraphs 141-146 of the Complaint.

69. The allegations contained in paragraphs 147-152 pertain to and are directed at Defendants other than LSU and require no response by LSU. To the extent response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

70. LSU denies as written the allegations contained in paragraph 153 of the Complaint.

71. LSU denies as written the allegations contained in paragraph 154 of the Complaint.

90251

72.  The allegations contained in paragraph 155 pertain to and are directed at Defendants other than LSU and require no response by LSU.

73.  LSU denies the allegations contained in paragraph 156 of the Complaint.

74.  LSU denies as written the allegations contained in paragraph 157 of the Complaint.

75.  LSU denies the allegations contained in paragraph 158 of the Complaint insofar as they are directed at LSU. To the extent the allegations are directed at Defendants other than LSU, no response is required by LSU.  To the extent response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

76.  LSU denies the allegations contained in paragraph 159 of the Complaint insofar as they are directed at LSU. To the extent the allegations are directed at Defendants other than LSU, no response is required by LSU.  To the extent response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

77.  LSU denies as written the allegations contained in paragraph 160 of the Complaint.

78.  LSU admits the allegations contained in paragraph 161 of the Complaint.

79.  LSU denies as written the allegations contained in paragraph 162 of the Complaint.

80.  LSU admits the allegations contained in paragraph 163 of the Complaint.

81.  The allegations of paragraph 164 containing references to a document are admitted with respect to the accuracy of the references.  However, LSU invokes the rule of completeness under Fed. R. Evid. 106 as the best evidence of its content and denies the edited reference in the document is evidence of gender-based discrimination.

82.  LSU denies the allegations contained in paragraph 165 of the Complaint.

83.  LSU denies as written the allegations contained in paragraph 166 of the Complaint.

84.  LSU denies as written the allegations contained in paragraph 167 of the Complaint.

90251

85.  LSU admits the allegations contained in paragraph 168 of the Complaint.

86.  The allegations contained in paragraphs 169-170 pertain to and are directed at Defendants other than LSU and require no response by LSU.  To the extent response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

87.  LSU admits the allegations contained in paragraph 171 of the Complaint.

88.  LSU admits the allegations contained in paragraph 172 of the Complaint.

89.  LSU admits the allegations contained in paragraph 173 of the Complaint.

90.  LSU denies as written the allegations contained in paragraph 174 of the Complaint. Further responding, LSU responds that the allegations in paragraph 174 refers to a document. LSU invokes the rule of completeness under Fed. R. Evid. 106 as the best evidence of its content and denies the reference in the document is evidence of gender-based discrimination

91.  LSU admits the allegations contained in paragraph 175 of the Complaint.

92.  LSU admits the allegations contained in paragraph 176 of the Complaint.

93.  LSU admits the allegations contained in paragraph 177 of the Complaint.

94.  LSU denies as written the allegations contained in paragraph 178 of the Complaint.

95.  LSU admits the allegations contained in paragraph 179 of the Complaint.

96.  LSU denies the allegations contained in paragraph 180 of the Complaint as written.

97.  LSU admits the allegations contained in paragraph 181 of the Complaint.

98.  LSU admits the allegations contained in paragraph 182 of the Complaint.

99.  LSU admits the allegations contained in paragraph 183 of the Complaint.

100.  LSU denies the allegations contained in paragraph 184 of the Complaint.

101.  The allegations of paragraph 185 containing references to a document are admitted with respect to the accuracy of the references.  However, LSU invokes the rule of completeness

13

under Fed. R. Evid. 106 as the best evidence of its content and denies the edited reference in the document is evidence of gender-based discrimination.

102. LSU admits the allegations contained in paragraph 186 of the Complaint.

103. LSU denies the allegations contained in paragraph 187 of the Complaint.

104. The allegations contained in paragraphs 188-196 pertain to and are directed at Defendants other than LSU and require no response by LSU.

105. The statement contained in paragraph 197 is not an allegation but LSU references all prior denials and responses to allegations adopted or referenced in paragraph 197 of the Complaint.

106. LSU denies the allegations contained in paragraph 198 of the Complaint.

107. LSU denies the allegation contained in paragraph 199 of the Complaint.

108. LSU denies the allegation contained in paragraph 200 of the Complaint.

109. LSU denies the allegation contained in paragraph 201 of the Complaint.

110. LSU denies the allegation contained in paragraph 202 of the Complaint.

111. LSU denies the allegation contained in paragraph 203 of the Complaint.

112. LSU denies the allegation contained in paragraph 204 of the Complaint.

113. LSU denies the allegation contained in paragraph 205 of the Complaint.

114. LSU denies the allegation contained in paragraph 206 of the Complaint.

115. LSU denies the allegation contained in paragraph 207 of the Complaint.

116. LSU denies the allegation contained in paragraph 208 of the Complaint.

117. LSU denies the allegation contained in paragraph 209 of the Complaint.

118. LSU denies the allegation contained in paragraph 210 of the Complaint.

119. LSU denies the allegation contained in paragraph 211 of the Complaint.

90251

120. LSU denies the allegation contained in paragraph 212 of the Complaint.

121. LSU denies the allegation contained in paragraph 213 of the Complaint.

122. LSU denies the allegation contained in paragraph 214 of the Complaint as an allegation of gender-based discrimination.

123. LSU denies the allegation contained in paragraph 215 of the Complaint.

124. The allegations contained in paragraph 216 of the Complaint require no response by LSU. LSU denies that plaintiffs have stated a valid cause of action or right of action against LSU under Title IX.

125. The allegations contained in Count II (Survival and Wrongful Death Negligence/Breach of Assumed Duties/Failure to Rescue Under Louisiana State Law (Individual Defendants and Defendant Allstate)), paragraphs 217-225, are not directed at LSU and require no response by LSU.

## JURY DEMAND

LSU demands trial by jury.

Wherefore, after due proceedings, LSU prays that the civil action filed herein against LSU be dismissed, with prejudice, at Plaintiffs' costs and for all other relief available by law.

90251

BIENVENU, BONNECAZE, FOCO, VIATOR &
HOLINGA, APLLC

By: *S/David M. Bienvenu Jr.*

David M. Bienvenu, Jr., #20700
Lexi T. Holinga, #30096
Anthony J. Lascaro, #32546
Patrick H. Hunt, #34599
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
Phone: (225) 388-5600
Fax: (225) 388-5622

**Counsel for**

***THE BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL
COLLEGE***

- CERTIFICATE -

I certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 11th day of January, 2021.

*S/David M. Bienvenu Jr.*

David M. Bienvenu, Jr.

16

90251