# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

STEPHEN M. GRUVER AND                             CIVIL ACTION
RAE ANN GRUVER, individually and
on behalf of MAXWELL R. GRUVER,
deceased                                          18-772-SDD-EWD

VERSUS

STATE OF LOUISIANA THROUGH THE
BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL
COLLEGE, et al.

## RULING

This matter is before the Court on the *Motion to Dismiss for Lack of Personal Jurisdiction*[1] filed by Defendant, Allstate Insurance of Canada, Inc. ("Allstate" or "Defendant"). Plaintiffs, Stephen M. Gruver and Rae Ann Gruver, individually and on behalf of their deceased son Maxwell R. Gruver, filed an *Opposition*[2] to this motion, to which Allstate filed a *Reply*.[3]  For the reasons which follow, Allstate's motion will be denied.

## I.    BACKGROUND FACTS

A 2017 college hazing incident resulted in the death of Maxwell Gruver. In August 2018, Plaintiffs brought this action against Ryan Isto ("Isto"), among other defendants. Isto is allegedly insured under a homeowner's policy issued to his parents by Allstate Canada. This policy includes "Family Liability" coverage, insuring claims made against

---

[1] Rec. Doc. No. 236.
[2] Rec. Doc. No. 238.
[3] Rec. Doc. No. 240.

the insured for legal liability "arising out of [an insured's] personal actions anywhere in the world."[4]  In this policy, Allstate Canada also stated that it "will defend any suit against [an insured] alleging bodily injury property damage and seeking compensatory damages, even if it is groundless, false or fraudulent."[5]

Prior to naming Allstate Canada as a Defendant in the action, Plaintiffs entered into a *Gasquet* agreement with Isto and State Farm through a policy which insured Isto. This released Isto and State Farm from personal liability, leaving Isto as a "nominal defendant" for the purposes of pursuing recovery from Allstate Canada as an excess insurer.[6] On June 23, 2020, Plaintiffs filed a *Second Amended Complaint*, adding Allstate Canada as a defendant pursuant to the Louisiana Direct Action Statute, as an insurer of Isto. The *Second Amended Complaint* alleges that Allstate Canada is a foreign corporation, incorporated under the laws of Canada, and having its principal place of business in Canada.

On December 11, 2020, Allstate filed a *Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2)*,[7] asserting that it does not have sufficient minimum contacts with the State of Louisiana to subject it to personal jurisdiction in this court. Plaintiffs oppose the motion.

---

[4] Rec. Doc. No. 236-2 at 12.
[5] Rec. Doc. No. 236-2 at 12.
[6] A "*Gasquet*" release takes its name from *Gasquet v. Commercial Union Ins. Co.*, 391 So.2d 466 (La.App. 4 Cir.1980), writ denied 396 So.2d 921 (La.1981).  "[B]y executing a *Gasquet* release in a settlement agreement, a plaintiff (1) releases the primary insurer entirely, and (2) releases the insured 'from all claims which might be recovered from [the insured] directly,' reserving claims against the insured 'only to the extent that collectible coverage' is afforded by an excess insurance policy. *RSUI Indem. Co. v. American States Ins. Co.*, 127 F.Supp.3d 649, 657 (E.D. La. 2015)(quoting *Gasquet*, 391 So.2d at 470–71  "Procedurally, after a *Gasquet* release is executed the insured remains in the lawsuit as a 'nominal' defendant while the plaintiff pursues recovery from the excess insurer."  *Id.*
[7] Rec. Doc. No. 236.

## II.    LAW & ANALYSIS – PERSONAL JURISDICTION

A federal court may exercise personal jurisdiction over a nonresident defendant when: (1) the long-arm statute of the forum state enables personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause. These inquiries merge into one because Louisiana's long-arm statute extends jurisdiction coextensively with the limits of the Due Process Clause.[8]

The Fifth Circuit has developed a three-step analysis for inquiring as to whether an exercise of specific personal jurisdiction is in conformity with due process:

(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[9]

### A.  Minimum Contacts/Forum-Related Contacts

Where a non-resident defendant challenges personal jurisdiction, the party seeking to invoke the court's power must make a *prima facie* showing that jurisdiction exists.[10]  The standard for the inquiry into a defendant's contacts with the forum state is "whether the defendant's conduct shows that it 'reasonably anticipates being haled into court'" in the forum state.[11] It is insufficient to confer jurisdiction if the defendant is haled into court "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third person.'"[12] Rather, jurisdiction is proper only where the defendant has purposefully availed himself of the benefits and protections of

---

[8] *Petroleum Helicopters, Inc. v. Avco Corp.*, 834 F.2d 510, 512 (5th Cir. 1987).
[9] *Seferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (quoting *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002)).
[10] *Luv N' care, Ltd. V. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).
[11] *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Luv N' care*, 438 F.3d at 470).
[12] *Id.* at 759 (quoting *Electrosource, Inc. v. Horizon Battery Techs., Ltd.,* 176 F.3d 867, 871-72 (5th Cir. 1999).

the forum state such that he should reasonably anticipate being haled into court there.[13]

In the instant case, Plaintiffs assert that this Court has personal jurisdiction over Allstate because it purposefully availed itself of the privilege of conducting business activity within Louisiana by including a worldwide territory-of-coverage clause in the insuring agreement. The Fifth Circuit has yet to decide on this specific issue; however, the Western District of Louisiana has addressed the issue,[14] holding that nationwide coverage provisions do not "impose personal jurisdiction over an insurer in all fifty states if an accident occurs outside the state where a policy has been issued."[15] However, the Western District Court reached this decision based on factually distinguishable cases in which an insurer is sued by its insured, rather than by a third-party. Thus, the Court looks elsewhere for guidance.

The majority of courts seem to indicate that promising to provide worldwide coverage makes it reasonably foreseeable that the insurer could be haled into any state's courts where a covered injury occurred, so long as the insurer has obligated itself to defend the insured.[16] The courts reason that inclusion of the expansive coverage clause, coupled with a duty to defend clause, amounts to an affirmative choice by an insurer to avail itself of the privilege of conducting business in a forum state because the anticipation of being haled into the foreign court is inherent to the policy itself.[17]

---

[13] *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019).

[14] See, e.g., *Clark v. Marcus Todd Sampson Estate*, 2020 WL 7034578 (W.D. La. 2020) (holding that aircraft insurer's nationwide coverage provision alone did not create sufficient minimum contacts with Louisiana).

[15] *Id.* at *7 (citing *Baird v. Shagdarsuren*, 426 F. Supp. 3d 284 (N.D. Tex. 2019)).

[16] See *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1290 (10th Cir. 2007); *McGow v. McCurry*, 412 F.3d 1207, 1214-15 (11th Cir. 2005); *Ferrell v. W. Bend Mut. Ins. Co.*, 393 F.3d 786, 791 (8th Cir. 2005); *Payne v. Motorists' Mut. Ins. Co.*, 4 F.3d 452, 456 (6th Cir. 1993); *Farmer's Ins. Exch. V. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990); *Rossman v. State Farm Mut. Auto. Ins. Co.*, 832 F.2d 282, 286 (4th Cir. 1987).

[17] See, e.g., *Rossman,* 832 F.2d at 286 ("[The] expectation of being haled into court in a foreign state is an express feature of the policy.").

Allstate argues that the Seventh Circuit, in *Lexington Ins. Co. v. Hotai Ins. Co., Ltd,* opined that these courts would come to a different holding in light of more recent Supreme Court decisions finding that foreseeability alone would not confer personal jurisdiction upon a court.[18] Although correct on the fact that foreseeability of causing injury alone does not confer personal jurisdiction, Allstate misinterprets the *Lexington* opinion.

The court in *Lexington* criticizes the Tenth Circuit decision in *TH Agriculture & Nutrition, LLC v. Ace European Grp. Ltd.* for finding sufficient minimum contacts with the forum when there is a broad territory-of-coverage clause and a preservation of the right to defend the insured, rather than a promise to defend.[19] In fact, the *Lexington* court specifically distinguishes its decision by stating, "[I]f [the Insurer] had assumed a duty to defend [the Insured] in any jurisdiction in which it incurred liability and structured their financial benefits on that obligation, this might be a different case."[20]

Allstate purposefully contracted with the Istos to provide worldwide liability insurance with a worldwide territory-of-coverage clause. Although Allstate correctly argues that this clause did not cause Allstate to reasonably anticipate being haled into court in Louisiana, the inclusion of the Duty to Defend Clause does. If Allstate wished to avoid lawsuits by a third-party in a particular forum, it could have excluded that forum from the territory-of-coverage clause. However, this would have likely caused its policies to be less marketable. Thus, the inclusion of coverage for liability in the forum state, with the promise to defend the insured in the forum state, provided a benefit which was neither fortuitous, nor incidental, as Allstate claims. Not only was it foreseeable that Allstate might

---

[18] Rec. Doc. No. 240, p. 4.
[19] *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 883-84 (7th Cir. 2019).
[20] *Id.* at 882.

Document Number: 68561                                                                                    5

be sued in Louisiana in connection with a dispute relating to its policy, but the "expectation of being haled into court in a foreign state is an express feature of its policy."[21] Allstate did more than foresee that its customers could become liable for damages in foreign forums; it benefited from including the forum state within its territory-of-coverage clause. "[L]itigation requiring the presence of the insurer is not only foreseeable, but it was purposefully contracted for by the insurer."[22]

Allstate further asserts that, because the *Gasquet* agreement between the Plaintiffs, Isto, and State Farm released Isto from liability, its duty to defend did not apply. However, Plaintiffs must merely establish a *prima facie* case, and any contested facts must be resolved in favor of finding jurisdiction.[23]  Moreover, the applicability of the Duty to Defend clause in this specific case does not controvert the fact that Allstate purposefully promised to provide coverage in the forum state in its territory-of-coverage, promised to defend the insured, and benefited from these promises by negotiating and contracting to such an agreement with the Istos.

Based on the reasoning of a majority of federal circuit courts, the Court concludes that Allstate has established sufficient minimum contacts with Louisiana to confer personal jurisdiction to this Court.

### B.  Fair and Reasonable Jurisdiction

When a plaintiff makes his *prima facie* case that non-resident defendant has minimum contacts with the forum state, the burden of proof shifts to the defendant to make a compelling case showing that exercise of jurisdiction would be unreasonable.[24]

---

[21] *Rossman*, 832 F.2d at 286.
[22] *Farmers Ins. Exch.*, 907 F.2d at 914.
[23] *Luv N' care, Ltd. V. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).
[24] *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citing *Burger King Corp. v. Rudzewicz*,

The Fifth Circuit has stated that "it is rare" for the assertion of jurisdiction to be "unfair after minimum contacts have been shown."[25] In reaching this conclusion, the Fifth Circuit relied on the Federal Circuit's reasoning that, where personal jurisdiction is otherwise constitutional, defeat of jurisdiction is limited to the rare scenarios in which the interests of the plaintiff and the forum state are so attenuated that they are "clearly outweighed by the burden of subjecting the defendant to litigation within the forum."[26]  In determining whether the exercise of jurisdiction is fair and reasonable, the Court must examine five factors: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies."[27]

### 1. Burden on Non-Resident Defendant

First, the court must look at the burden placed on the nonresident defendant. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."[28] However, oftentimes the assertion of jurisdiction is found to be justified by the interest of the plaintiff and the forum in the exercise of justice, even when it would seriously burden an alien defendant. [29]

Allstate argues that exercising personal jurisdiction is unreasonable because it has

---

471 U.S. 462, 477 (1985)).
[25] *McFadin v. Gerber*, 587 F.3d 753, 759-60 (5th Cir. 2009) (quoting *Wien Air Alaska,* 195 F.3d at 215).
[26] *Akro Corp v. Luker*, 45 F.3d 1541, 1549 (Fed. Cir. 1995). See also *Wien Air Alaska*, 195 F.3d at 215 (citing *Akro*, 45 F.3d at 1549).
[27] *Luv N' care*, 438 F.3d at 473.
[28] *Asahi Metal Ind. Co., Ltd. V. Superior Court of California, Solano Cty.*, 480 U.S. 102, 114.
[29] *Asahi*, 480 U.S. at 114.

no offices or employees in Louisiana, and litigation would require Allstate to travel out of its home country.[30] Allstate finds support from Tenth Circuit caselaw and the Supreme Court's decision in *Asahi Metal Ind. Co., Ltd. V. Superior Court of California, Solano Cty.*[31] The Tenth Circuit has consistently found that Canadian companies whose officers and employees would have to travel to and litigate the case in a foreign forum suffer a severe burden.[32]

In *Asahi*, the Supreme Court held that jurisdiction would be unreasonable due to the burden on the foreign defendant.[33] *Asahi* involved two foreign corporations who were in a dispute in a California court with absolutely no interest in the dispute.[34] In the instant case, Louisiana does have an interest in the dispute. Thus, *Asahi* is not directly controlling, but is applicable.

Plaintiffs have stated that they would have no objection and would stipulate to Allstate's employees appearing remotely for depositions taken in this case, which would ease the burden on Allstate.[35] However, this does not dispose of the burden entirely. Thus, this factor weighs against the exercise of personal jurisdiction.

2. <u>Forum State's Interest in Adjudicating the Dispute</u>

Second, the Court must examine Louisiana's interests in adjudicating the dispute. Allstate contends Louisiana has no interest in tying the action with other defendants because neither the Plaintiffs, Isto, nor Allstate Canada are citizens of Louisiana.[36]

---

[30] Rec. Doc. No. 236-1, p. 11.
[31] Rec. Doc. No. 236-1, p. 11; Rec. Doc. No. 240, p. 5.
[32] See *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1096 (10th Cir. 1998). See also, *Benton v. Cameco Corp.*, 275 F.3d 1070, 1079 (10th Cir. 2004).
[33] *Asahi*, 480 U.S. at 116.
[34] *Id.*
[35] Rec Doc. No. 238 n. 33.
[36] Rec. Doc. No. 240, p. 5.

Although true, "[i]t cannot be denied that [a forum state] has a manifest interest in providing effective means of redress for its *residents* when their insurers refuse to pay claims."[37] Although Isto is alleged to be a citizen of Montana, and the Plaintiffs are alleged to be citizens of Georgia, Isto and Maxwell Gruver were both residing in Louisiana at the time of the incident.

Allstate also argues that Louisiana's interest is lessened because Canadian law governs interpretation of the policy. It seems to be undisputed that the policy issued by Allstate Canada is governed by Canadian law.[38] This would favor Canadian courts adjudicating the dispute. However, as the Plaintiffs point out, Allstate's argument that the Duty to Defend was extinguished due to the *Gasquet* agreement is a unique aspect of Louisiana law which should be heard by a court familiar with Louisiana law.[39] Thus, these factors offset.  Because Isto and Maxwell Gruver were residents in Louisiana at the time of the incident, this factor weighs in favor of exercising personal jurisdiction.

### 3.   Plaintiff's Interest in Convenient and Effective Relief

Third, the Court must examine Plaintiffs' interest in securing convenient and effective relief. Allstate argues that the Plaintiffs may obtain convenient and effective relief in Canada, and any burden Plaintiffs would suffer by not litigating in Louisiana is outweighed by the burden on Allstate due to the exercise of jurisdiction. Allstate argues that the burdens felt by the Parties either offset or weigh against the exercise of personal jurisdiction; the Court disagrees. Although the burden on a foreign defendant is "always *a* primary concern," it is not the only relevant factor. It must be considered in the light of

---

[37] *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 224 (1957) (emphasis added).
[38] Rec. Doc. No. 236-1, p. 11; Rec. Doc. No. 238, p.18-19.
[39] Rec. Doc. No. 238 n. 26.

all other factors.[40]  Plaintiffs certainly have an interest in adjudicating all claims against all defendants in a single court. Thus, this factor weighs in favor of exercising personal jurisdiction.

    4.   <u>Interstate Judicial System's Interest in Obtaining an Efficient Resolution</u>

Fourth, the Court must determine whether the forum state is the most efficient place to litigate the dispute. Allstate contends relevant witnesses with respect to the hazing can be "addressed in Louisiana, Montana, and Georgia."[41] However, it also argues that the interpretation of the policy will likely be the only issue and that is governed by Canadian law. It argues that there is likely no concern for a bifurcated trial but for the question of insurance coverage.[42]

Although relevant witnesses to the principal cause of action are citizens of Louisiana, Montana, and Georgia, most witnesses are residents of Louisiana, so it certainly is efficient to adjudicate the dispute in this forum. However, relevant witnesses regarding applicability of the policy reside in Canada such that there is also some efficiency to adjudicating the dispute in Canada.

Further, it appears undisputed that Canadian law governs the interpretation of the policy, so it would be most efficient for Canadian courts to interpret an insurance policy governed by Canadian law.  However, Allstate appears to hinge its argument regarding the interpretation of the contract upon the applicability of the Duty to Defend clause in light of the *Gasquet* agreement entered into by the Plaintiffs. This concerns a unique feature of Louisiana law which would most efficiently be adjudicated by a Louisiana court

---

[40] *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 292 (1980).
[41] Rec. Doc. No. 236-1, p. 12.
[42] Rec. Doc. No. 240, p. 5-6.

familiar with Louisiana law.

Thus, these issues are offsetting, and this factor does not weigh heavily in favor of either party.

     5.  <u>Comparing Louisiana's and Canada's Interest in Furthering Social Policies</u>

Finally, the Court must "consider the procedural and substantive policies of other nations whose interests are affected by the assertion of jurisdiction by the [Louisiana] court."[43] That being said, "'[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.'"[44]

Canada's interest in resolving contractual disputes would seem to be outweighed by Louisiana's interest in providing its residents with effective means of redress when they are injured by those doing business in Louisiana.[45] The traditional notions of fair play and substantial justice weigh quite equally in this case. Although it is close, the Court finds that the interests of Louisiana and the Plaintiffs in adjudicating the claim in Louisiana are not so attenuated that they are "clearly outweighed by the burden of subjecting the defendant to litigation within the forum."[46] Therefore, the Court finds that it has personal jurisdiction over Allstate Canada.

---

[43] *Asahi*, 480 U.S. at 115.

[44] *Id.* (quoting *United States v. First National City Bank*, 379 U.S. 378, 404 (1965) (Harlan, J., dissenting)).

[45] *Aetna Cas. & Sur. Co. v. Continental Western Ins. Co.*, 97-700, (La. App. 3 Cir. 12/10/97), 704 So. 2d 900, 904.

[46] *Akro Corp v. Luker*, 45 F.3d 1541, 1549 (Fed. Cir. 1995). See *Wien Air Alaska*, 195 F.3d at 215 (citing *Akro*, 45 F.3d at 1549).

III.    **CONCLUSION**

For the foregoing reasons, *Motion to Dismiss for Lack of Personal Jurisdiction*[47] is

DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 28th day of July, 2021.

_Shelly D. Dick_

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[47] Rec. Doc. No. 236.
Document Number: 68561